UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS EDWIN AIDS, JR.,

    Plaintiff,

v.                                    CASE NO. 8:12cv1395-T-MAP

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying his claim for disability insurance benefits. In summary, he argues the ALJ erred by failing to properly evaluate the medical source opinion evidence provided by podiatrist Feldman, and mental health examiners Marone and Ames-Dennard. After considering the administrative record, I find the ALJ followed the regulatory scheme and substantial evidence supports his decision.[2]

*A. Background*

Plaintiff was fifty-three years old at the time of the administrative hearing and has a high school degree. Although the ALJ opined that he has no past relevant work experience, Plaintiff has worked as a church groundskeeper, and has held other short-term jobs. Hee alleges he became disabled on March 1, 2008, due to major depressive disorder and plantar fibromatosis of both feet.

---

[1] Colvin became the Acting Commissioner of Social Security on February 14, 2013, replacing Micahel J. Astrue who resigned effective February 13, 2013.

[2] The parties have consented my jurisdiction pursuant to 28 U.S.C. § 636(c) (doc. 10).

Despite these impairments, however, the ALJ opined that Plaintiff can perform light work limited to walking and standing for no more than forty-five minutes at a time for a total of no more than five hours in an eight-hour workday, sitting for six hours in an eight-hour workday with normal breaks, and no high-production stress, meaning no assembly lines. Upon appeal, the Appeals Council denied review, and the Plaintiff filed this action seeking review of the ALJ's decision.

  *B. Standard of Review*

  The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

  In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable

person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

   C.  Discussion

   1.  *Marc Feldman, podiatrist*

Plaintiff asserts the ALJ erred by giving only some weight to the opinion of her podiatrist, Dr. Marc Feldman. Feldman examined Plaintiff on only one date, April 6, 2010 (R. 382-83). Feldman's office note indicates a diagnosis of "Idiopathic acquired Cavus deformity, suspect residual elements of congenital Metatarsal adductus, Nodular Plantar Fibromatosis, biomechanical plantar 1st IPJ and 5th MTJ, bilateral feet." (R. 382) For treatment, Feldman discussed injection therapy for the nodular plantar fibromatosis and operative intervention. Feldman's note indicates Plaintiff reported experiencing foot pain for several years and recent increase in symptoms, causing marked limitations in his ability to ambulate (R. 382). Feldman instructed Plaintiff to follow up "at his discretion." (R. 383). There are no other records from Feldman in the evidence, and no evidence that Plaintiff received the additional diagnostic testing Feldman recommended to confirm his diagnosis.

The ALJ accorded "some but not significant weight" to Dr. Feldman's opinions (R. 19). Though several other assessments indicate Plaintiff has "painful feet" (Ex. 7F, 11F) and a Jay Care

3

Medical Center visit for "knots on bottom of feet" on May 5, 2009 (R. 359), the medical evidence is otherwise void of complaints about or treatment for foot pain. The ALJ explained that Feldman offered an opinion that "both conflicts with the substantial evidence of record and his own objective findings."

Because Dr. Feldman was a one-time examiner, his opinions are not entitled to great weight. Instead, the regulations provide that in determining whether a claimant is disabled, the ALJ will evaluate every medical opinion. In deciding the weight to assign to the medical opinion, the ALJ considers the examining relationship, the treatment relationship, the length of treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, whether the opinion is supported by relevant evidence, whether the evidence is consistent with the record as a whole, and the specialization of the person rendering the opinion. 20 C.F.R. §404.1527(c). I find that the ALJ considered these factors in deciding the weight to assign to Feldman's opinions, and that his decision is supported by substantial evidence.

*2. Gregory Marone and Sharon Ames-Dennard, mental health examiners*

The Plaintiff complains that the ALJ did not assign sufficient weight to the opinions of Gregory Marone, Ed.D., a consultative mental examiner hired by Plaintiff, Marone, and conversely gave too much weight to the opinions of Sharon-Ames-Dennard, Ph.D., a State agency consultative mental examiner. Marone, who examined Plaintiff on February 27, 2010, opined that

> Mental status portrayed an attractive overweight client showing signs of heightened suspicious [sic]. Attention and concentration were good. Affect was full. He does report long term depression, along with ongoing treatment. Thought process was intact, although the possibility of ideas of reference as well as feelings of persecution and maltreatment were suspect. General intelligence seemed within normal limits. Judgment, insight, and reasoning by history, has been guarded. Formal personality assessment tended to be more maligning. Results of the MMPI-2 indicated

>significant elevations in all clinical scales implying multiple factors related to mood and affect, suspiciousness, paranoia, and social withdrawal.

R. 380. In light of this evaluation, Marone opined that Plaintiff's emotional state is not "sufficiently stable for competitive employment." Marone also indicated that he suspects "this is not a brief situational reaction but rather a more treatment resistant and chronic condition." And, Marone further indicated that Plaintiff "has been under psychiatric care and that he may be at or near optimum psychiatric improvement." (R. 381)

The ALJ found that Marone's opinion that Plaintiff's emotional state was not sufficiently stable for competitive employment conflicts with the findings of the Plaintiff's treatment provider, Winter Haven Behavioral Health (R. 370-375). Of course, the ALJ recognized that the Plaintiff retained Marone to evaluate him, making the assessment self-serving in nature thus undermining its objectivity (R. 20). And, the ALJ noted that Marone is only a one-time examiner who has not developed a long-term relationship with Plaintiff which would have enhanced reliability. Lastly, the ALJ discounted Marone's opinion that the Plaintiff may be at or near optimum psychiatric improvement as not supportable outside a treating relationship. Given this backdrop, and in light of the sufficient mental health record evidence, I find the ALJ's treatment of Marone's opinions is supported by substantial evidence.[3]

The Plaintiff similarly complains that the ALJ failed to give proper weight to the opinions of Sharon Ames-Dennard. In considering Ames-Dennard's assessment, the ALJ found her opinions consistent with the residual functional capacity for a limited range of light work. The ALJ stated that Ames-Dennard's opinions were well supported by detailed explanation including specific references

---

[3] The Court recognizes the ultimate issue of whether Plaintiff is able to work is one reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(d).

to the evidence (R. 19). According to the Plaintiff, however, the ALJ should have assigned greater weight to Marone's opinions which were based in part upon objective testing, than to Ames-Dennard's opinions which were not. The applicable regulations, cited above, however, dictate the criteria an ALJ may consider in evaluating opinion evidence. *See* 20 C.F.R. §404.1527(c). Whether the opinion is supported by relevant evidence, including medical signs and laboratory findings, is but one of the factors considered. Also relevant is the degree to which a non-examining source has supported his or her opinion with explanations. *See* 20 C.F.R. §404.1527(c)(3). I find the ALJ complied with these regulations, and provided substantial support for his decision. Moreover, I find that the ALJ addressed all of the record mental health evidence and properly considered it before reaching his RFC determination.

*D. Conclusion*

For these reasons, it is hereby

ORDERED:

1. The Commissioner's decision denying benefits is affirmed.

2. The Clerk is directed to enter judgment for the Defendant and close the case.

DONE AND ORDERED at Tampa, Florida on September 13, 2013.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE